**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4462**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

PATRICK GERARD CHAMBERS, a/k/a P-Chains,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00263-RJC-2)

───────────

Submitted: January 29, 2016      Decided: February 9, 2016

───────────

Before NIEMEYER, DUNCAN, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Gerard Chambers appeals his conviction and sentence imposed by the district court after he pled guilty to conspiracy to distribute and possess with intent to distribute cocaine (Count 1) and crack cocaine (Count 2), possession with intent to distribute and distribution of cocaine (Count 28), and possession of a firearm in furtherance of a drug trafficking crime (Count 40). Counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but raising potential issues regarding the sufficiency of the evidence and the Government's authority to file a downward-departure motion. Although advised of his right to do so, Chambers has not filed a pro se supplemental brief. We affirm.

Chambers first challenges the sufficiency of the evidence for the § 924(c) charge. A knowing, voluntary, and intelligent guilty plea "conclusively establishes the elements of the offense and the material facts necessary to support the conviction." <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993). However, "it is well settled that a defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for a plea [in accordance with Rule 11(b)(3)]." <u>United States v. Ketchum</u>, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted).

2

Here, the relevant conduct in the presentence report, to which Chambers stipulated, is sufficient to establish that he possessed firearms in furtherance of drug trafficking crimes. See id. at 367 ("A stipulated recitation of facts alone is sufficient to support a plea . . . ." (alteration and internal quotation marks omitted)); see also United States v. Jeffers, 570 F.3d 557, 565 (4th Cir. 2009) (stating elements of § 924(c)(1)(A) offense). Moreover, having reviewed the transcript of Chambers' plea colloquy, we conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11, and that any errors in the colloquy did not affect his substantial rights. See United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)).

Counsel next questions the Government's failure to file a motion for downward departure on Count 40 when it filed a motion on Counts 1, 2, and 28. The decision whether to file a motion pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2014), and 18 U.S.C. § 3553(e) (2012), lies solely within the Government's discretion. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the Government obligated itself in the plea agreement to make such a motion, its refusal

3

to do so is not reviewable absent evidence of an unconstitutional motive. <u>Wade v. United States</u>, 504 U.S. 181, 185-87 (1992); <u>Butler</u>, 272 F.3d at 686. Because nothing in the plea agreement obligated the Government to make a § 5K1.1 motion and the record reveals no basis for concluding that the Government's decision was based on an unconstitutional motive, we find no error.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Chambers, in writing, of his right to petition the Supreme Court of the United States for further review. If Chambers requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4